IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DELORIS FORBES**                                                                 **PLAINTIFF**

V.                                                                CASE NO.: 3:19-cv-164-HTW-LRA

**NEXION HEALTH AT CLINTON, INC. D/B/A
WOODLANDS REHABILITATION AND
HEALTHCARE CENTER; AND
WOODLANDS REHABILIATION AND HEALTHCARE
CENTER, LLC**                                                                 **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW,** Plaintiff, Deloris Forbes, by any through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended, against the Defendants, Nexion Health at Clinton, Inc., d/b/a Woodlands Rehabilitation and Healthcare Center and Woodlands Rehabilitation and Healthcare Center, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts:

## PARTIES

1. The Plaintiff, Deloris Forbes, is an adult African-American female resident of Warren County, Mississippi.

2. Defendant, Nexion Health at Clinton, Inc. d/b/a Woodlands Rehabilitation and Healthcare Center, is a Delaware corporation doing business in the State of Mississippi and may be served with process through its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. Woodlands Rehabilitation and Healthcare Center, LLC, is a Delaware corporation doing business in the State of Mississippi and may be served with process through its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction and venue is proper in this court. A true and correct copy of Plaintiff's EEOC Charge of Discrimination is attached hereto as Exhibit "A" and a true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

5. Plaintiff began working for Defendants in July 2017, as a Certified Nurse Assistant (CNA).

6. Plaintiff was terminated by Defendants on August 25, 2018.

7. Two weeks prior to Plaintiff's termination, Plaintiff was seen by the Director of Nursing, Melissa McCaa, talking to the (Nexium) Corporate employee, Katrice Sims. At that time, Plaintiff complained of racial discrimination to Ms. Sims, thus engaging in protected activity.

8. Corporate was there to investigate why so many staff were so unhappy and moving toward being PRN.

9. Corporate was talking to each employee individually in the dining room.

10. Plaintiff told Ms. Sims that she was unhappy about being moved from Restorative to being out on the floor and complained of racial discrimination.

11. The Defendant (Woodlands) lied about Plaintiff, claiming that Plaintiff had falsified residence weights on charts.

2

12. Plaintiff complained to Ms. Sims that the staff of Woodlands showed favoritism to certain people, meaning Caucasians, and that she was being discriminated against because she is African American.

13. About two weeks after meeting with Corporate and making her complaint of race discrimination to Ms. Sims, the Administrator, Amanda Windham, terminated Plaintiff, telling Plaintiff that there was an alleged complaint that Plaintiff had retaliated against a resident earlier in August.

14. The alleged complaint regarding Plaintiff was that this resident was unhappy with Plaintiff. He felt that Plaintiff had not cleaned up his room adequately and that she had not let his head up on his bed so he could eat.

15. After hearing this, Plaintiff went to this resident's room to address this issue with him.

16. The resident told Plaintiff that he was not upset with her and that he was satisfied with the care she had given him.

17. This resident did admit to Plaintiff that he did tell them that Plaintiff had forgotten to raise his bed up, but he told them he was not upset with her.

18. Plaintiff had a witness present for this interaction.

19. Later, the Administrator, Amanda Windham, told Plaintiff that Plaintiff had "retaliated" against them, the Defendant, by going to the resident's room to talk to him regarding the issue.

20. Ms. Windham told Plaintiff that she had threatened the resident and was mean to him.

21. Plaintiff disagreed with Ms. Windham, and told Ms. Windham that she had

a witness with her at the time, and that the witness would testify on her behalf that she never threatened or treated the resident mean, and that the resident told Plaintiff that he never said those things about her.

22. Plaintiff's witness was another African American female, who was later terminated. The Defendants terminated her for allegedly letting a resident fall in her care on a van.

23. Plaintiff was discriminated against by Defendants based on her race, African American and was unlawfully retaliated against.

24. Specifically, Defendants retaliated against Plaintiff by terminating Plaintiff's employment with the Defendants, for reporting race discrimination to Ms. Sims during Corporate's visit just two weeks prior.

## CAUSES OF ACTION

### COUNT I - VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND 42 U.S.C § 1981 – RACE DISCRIMINATION

25. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her race.

26. Plaintiff has suffered adverse employment action, termination, as a result of the Defendants' discriminatory treatment of Plaintiff.

27. Plaintiff has been harmed as a result of the Defendants' discrimination, and the Defendants' are liable to the Plaintiff for the same.

28. The acts of the Defendants constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

4

29. As a direct and proximate result of the acts and omissions of Defendants described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety, and emotional distress.

30. Plaintiff is allowed to recover all lost wages, salary, employment benefits or other compensation denied to her as well as actual monetary losses sustained by Plaintiff as a result of the violation.

31. Plaintiff is further entitled to pre-judgment and post-judgment interest on the amounts owed to her as well.

32. Plaintiff is further entitled to such equitable relief as may be appropriate, including employment and reinstatement to the same or equivalent or even a modified position.

33. Plaintiff further requests that the Court award a reasonable attorney's fee, reasonable expert fee, and other costs of the action to be paid for by the Defendants.

## COUNT II - VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND 42 U.S.C § 1981 – RETALIATION

34. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 33 above as if fully incorporated herein.

35. After Plaintiff made her complaint of race discrimination to Katrice Sims, with Corporate, the Defendants condoned and permitted unlawful retaliation against Plaintiff by allowing Ms. Windham to make up false accusations about Plaintiff's treatment of one of her residents, and ultimately terminating Plaintiff.

36. Plaintiff has been harmed as a result of this retaliation, and the Defendants are liable to Plaintiff for the same.

37. The acts of the Defendants constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement of future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which she may be properly entitled.

THIS the 4th day of March 2019.

Respectfully submitted,

DELORIS FORBES, PLAINTIFF

By: ___/s/ Louis H. Watson, Jr.___
Louis H. Watson, Jr. (MB#9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

6

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com